1  BARRY E. HINKLE, Bar No. 071223
   PATRICIA A. DAVIS, Bar No. 179074
2  CONCEPCIÓN E. LOZANO-BATISTA, Bar No. 203786
   WEINBERG, ROGER & ROSENFELD
3  A Professional Corporation
   1001 Marina Village Parkway, Suite 200
4  Alameda, CA 94501-1091
   Telephone (510) 337-1001
5  Facsimile (510) 337-1023

6  Attorneys for Plaintiffs

E-filing

7
                    UNITED STATES DISTRICT COURT
8
                    NORTHERN DISTRICT OF CALIFORNIA
9

10  THE BOARD OF TRUSTEES, in their capacities )  No. CV 08 3130
    as Trustees of the LABORERS HEALTH AND    )
11  WELFARE TRUST FUND FOR NORTHERN           )
    CALIFORNIA; LABORERS VACATION-            )
12  HOLIDAY TRUST FUND FOR NORTHERN           )  **COMPLAINT FOR BREACH OF**
    CALIFORNIA; LABORERS PENSION TRUST        )  **CONTRACT, DAMAGES, AND**
13  FUND FOR NORTHERN CALIFORNIA; and         )  **BREACH OF FIDUCIARY DUTY**
    LABORERS TRAINING AND RETRAINING          )  **(ERISA 29 U.S.C. §1001, et seq., 29**
14  TRUST FUND FOR NORTHERN                   )  **U.S.C. §185)**
    CALIFORNIA, and the LABORERS'             )
15  INTERNATIONAL UNION OF NORTH              )
    AMERICA, AFL-CIO, LOCAL UNION NO. 294,    )
16                                            )
                Plaintiffs,                   )
17                                            )
         v.                                   )
18                                            )
    GENEVA PHILPOT, SHIRLEY SALAS,            )
19  GEORGE OUZOUNIAN, TOM LINK, and TOM       )
    SMITH, in their capacities as Trustees of the )
20  VISALIA PUBLIC CEMETERY DISTRICT,         )
                                              )
21              Defendants.                   )
                                              )
22  _____

    Plaintiffs complain of Defendant, and for cause of action allege:
23
                    **JURISDICTION AND INTRADISTRICT ASSIGNMENT**
24
                                    I.
25
        This action arises under and is brought pursuant to section 502 of the Employee Retirement
26
    Income Security Act, as amended (ERISA) (29 U.S.C. § 1132), and section 301 of the Labor
27
    Management Relations Act (LMRA) (29 U.S.C. § 185). Venue properly lies in this district court
28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
(510) 337-1001

COMPLAINT FOR BREACH OF CONTRACT, DAMAGES, AND BREACH OF FIDUCIARY DUTY

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
(510) 337-1001

since contributions are due and payable in the County of San Francisco. Therefore, intradistrict venue is proper.

## PARTIES

II.

At all times material herein, Plaintiffs The Board Of Trustees were Trustees of the Laborers Health and Welfare Trust Fund for Northern California; Laborers Vacation-Holiday Trust Fund for Northern California; Laborers Pension Trust Fund for Northern California; and Laborers Training And Retraining Trust Fund For Northern California. At all times material herein, each of the above-named Trust Funds was, and now is, an employee benefit plan created by a written Trust Agreement subject to and pursuant to section 302 of the Labor Management Relations Act (29 U.S.C. § 186), and a multi-employer employee benefit plan within the meaning of sections 3, 4 and 502 of ERISA (29 U.S.C. §§ 1002, 1003 and 1132). Each of the above-named Trust Funds is administered by a Board of Trustees which may bring this action in the name of the Trust Funds pursuant to the express provisions of the Trust Agreements. All of the above named Trust Funds and their respective Board of Trustees shall hereinafter be designated collectively as "Plaintiffs".

III.

At all times material herein, Geneva Philpot, Shirley Salas, George Ouzounian, Tom Link, and Tom Smith, in their capacities as Trustees of the Visalia Public Cemetery District (hereinafter referred to as "Defendant"), has been an employer within the meaning of section 3(5) and section 515 of ERISA (29 U.S.C. §§ 1002(5), 1145) and an employer in an industry affecting commerce within the meaning of section 301 of the LMRA (29 U.S.C. § 185).

## ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF

IV.

At all relevant times, Defendant was signatory and bound to a written collective bargaining agreement with the Northern California District Council of Laborers (hereinafter "Union"), a labor organization within the meaning of section 301 of the Labor Management Relations Act (29 U.S.C. § 185). By virtue of signing a Memorandum of Understanding (hereinafter "Memorandum of Understanding") with the Laborers' International Union of North America, AFL-CIO, Local Union

No. 294, and Northern California District Council of Laborers, Defendant became subject to all its terms and conditions. A true and correct copy of said Memorandum of Understanding is attached hereto as Exhibit "A" and is incorporated by reference herein. The Memorandum of Understanding by its terms incorporates the various Trust Agreements establishing each of the Trust Funds. By said Memorandum of Understanding, Defendant promised that it would contribute and pay to Plaintiffs the hourly amounts required by said Agreements for each hour paid for or worked by any of its employees who performed any work covered by said Agreements, and that it would be subject to and bound by all of the terms, provisions, and conditions of the Trust Agreements as incorporated by the terms of the Memorandum of Understanding.

V.

The above-mentioned Agreements provide for prompt payment of all employer contributions to the various Trust Funds and provide for the payment of interest on all delinquent contributions, attorneys' fees, and other collection costs, and for the audit of the signatory employer or employers' books and records in order to permit the Plaintiffs to ascertain whether all fringe benefit contributions have been timely paid as required by the applicable labor agreements and law.

**FIRST CLAIM FOR RELIEF**
**(BREACH OF CONTRACT)**

VI.

Plaintiffs incorporate and reallege by reference all the allegations stated hereinabove.

VII.

Pursuant to the Master Agreement and the Trust Agreements, an audit of the books and records of Defendant for the period of January 2005 to December 2006 was conducted, which revealed that fringe benefit contributions to the Trust Funds have not been submitted as required by said agreements.

VIII.

Demand has been made of Defendant for payment of the amounts determined to be due and owing pursuant to the audit, and Defendant has refused to pay such amounts and there is now due,

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
(510) 337-1001

- 3 -
COMPLAINT FOR BREACH OF CONTRACT, DAMAGES, AND BREACH OF FIDUCIARY DUTY

owing and unpaid to Plaintiff Trust Funds from Defendant, fringe benefits contributions in the amount of $10,413.74.

IX.

Plaintiffs are the intended third-party beneficiaries of the Agreement, but Trust Fund contribution delinquencies are excluded from the arbitration provisions of the Agreement.

X.

Plaintiffs have complied with all conditions on their part to be performed under the terms of the applicable agreements.

XI.

Plaintiffs are entitled to reasonable attorneys' fees, interest, and other reasonable expenses incurred in connection with this matter due to Defendant's failure and refusal to pay all fringe benefit contributions due and owing pursuant to the terms of the applicable Labor Agreements, Trust Agreements, and ERISA section 502(g)(2) (29 U.S.C. § 1132(g)(2).

**SECOND CLAIM FOR RELIEF**
**(ACTUAL DAMAGES FOR BREACH OF CONTRACT)**

XII.

Plaintiffs incorporate and reallege by reference all the allegations stated hereinabove.

XIII.

Plaintiffs have conducted a study to ascertain the costs of collections for delinquent contributions and have found it to be approximately twelve percent (12%) of the contributions collected by the Trust Funds.

XIV.

Defendant has failed, neglected and refused to make timely fringe benefit contributions as required by the applicable Memorandum of Understanding and Trust Agreements, and has caused Plaintiffs actual damages to be proven at the time of trial, and which are estimated to be $1,249.65.

**THIRD CLAIM FOR RELIEF**
**(DAMAGES AND EQUITABLE RELIEF FOR BREACH OF FIDUCIARY DUTY)**

XV.

Plaintiffs incorporate and reallege by reference all the allegations stated hereinabove.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
(510) 337-1001

- 4 -
COMPLAINT FOR BREACH OF CONTRACT, DAMAGES, AND BREACH OF FIDUCIARY DUTY

XVI.

Defendant has failed, neglected or refused to make timely fringe benefit contributions to the Trust Funds as required by the applicable collective bargaining agreements and Trust Agreements.

XVII.

Defendant's neglect or refusal to make timely fringe benefit contributions and reports pursuant to the terms of the above-mentioned Agreements constitutes a violation of ERISA section 515 (29 U.S.C. § 1145).

XVIII.

Defendant, in agreeing to the terms and conditions of the aforementioned Trust Agreements, assumed a fiduciary duty to Plaintiffs, which required Defendant to submit timely and accurate reports of hours worked or amounts due, together with payments to Trust Funds. Defendant exercised control over any contributions due, which are assets of Trust Funds, and Defendant was a fiduciary as defined by ERISA section 3(21) (29 U.S.C. § 1002(21).

XIX.

The actions of Defendant complained of herein constitute a violation of fiduciary duties as defined by ERISA, 29 U.S.C. §§ 1001, et seq.

XX.

Unless enjoined by this Court, Defendant will continue to fail, neglect, or refuse to remit appropriate fringe benefit contributions to the Trust Funds and thereby cause Plaintiffs irreparable harm for which there exists no adequate remedy at law.

**WHEREFORE**, Plaintiffs pray judgment against Defendant, Geneva Philpot, Shirley Salas, George Ouzounian, Tom Link, and Tom Smith, in their capacities as Trustees of the Visalia Public Cemetery District, as follows:

1. That Defendant be ordered to pay contributions in the amount of $10,413.74, plus interest thereon;

2. That Defendant be ordered to pay actual damages in the amount of $1,249.65;

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
(510) 337-1001

- 5 -
COMPLAINT FOR BREACH OF CONTRACT, DAMAGES, AND BREACH OF FIDUCIARY DUTY

3. That this Court issue an Order directing and permanently enjoining Defendant to submit to the Trust Funds, all reports and contributions due and owing by Defendant, plus interest, attorneys' fees, and costs as provided in ERISA sections 502(a)(3) and (g)(2) (29 U.S.C. § 1132(a)(3), (g)(2);

4. That this Court issue an Order permanently enjoining Defendant for so long as it remains obligated to contribute to the Trust Funds, from failing, neglecting, or refusing to timely submit required monthly contributions reports and payments as required by the terms of the collective bargaining agreements, Trust Agreements and ERISA sections 502(a)(3) and (g)(2) (29 U.S.C. § 1132(a)(3), (g)(2));

5. That Defendant be ordered to pay attorney's fees;

6. That Defendant be ordered to pay costs of suit herein; and

7. That this Court grants such further relief as this Court deems just and proper;

8. That this Court retain jurisdiction of this matter to enforce the Order compelling an Audit and payment of all amount found due and owing.

Dated: June 26, 2008

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By: _____
CONCEPCION E. LOZANO-BATISTA
Attorneys for Plaintiffs

118570/496844

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
(510) 337-1001

- 6 -
COMPLAINT FOR BREACH OF CONTRACT, DAMAGES, AND BREACH OF FIDUCIARY DUTY

This Agreement is entered into this seventh day of March 2007, by and between the VISALIA PUBLIC CEMETERY DISTRICT, hereinafter known as the "Employer," and LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO, LOCAL UNION NUMBER 294, and the NORTHERN CALIFORNIA DISTRICT COUNCIL OF LABORERS, hereinafter known as the "UNION."

## SECTION 1: Recognition

The Employer recognizes the Union as the sole collective bargaining agent for all employees of the Employer working within the classifications set forth in this agreement and under the jurisdiction of the Union for the purposes of collective bargaining with respect to wages, rates of pay, hours of work, and other conditions of employment.

## SECTION 2: Scope of Work

The scope of work includes, but is not limited to, the following: the general maintenance of cemetery property, facilities, lawn care, equipment operation, the repair and alteration of district facilities, the installation, repair and maintenance of sprinkler systems, the maintenance and repair of automotive and other power driven equipment, the opening and closing functions performed at the grave site, and other duties that may be included in the employee's job description or as directed by the employee's immediate supervisor.

## SECTION 3: Union Security

Membership in good standing in the Union will be a condition of employment. For the purposes of this section, tender of the initiation fee on or immediately following the thirty-first (31st) day of employment, or thirty-one (31) days after the effective date of this Agreement, whichever is later, and tender of the periodic dues uniformly required, as a condition of retaining membership shall constitute membership in good standing.

## SECTION 4: Safety

The Employer will make reasonable provision for the safety and health of its employees at its facility during hours of employment. The Employer will provide protective devices, gloves, rain gear, rubber boots, and other equipment necessary to properly protect employees from the elements. The Employer will attempt to comply with all State and Federal laws in regard to safety. All Safety and Staff meetings will be held on the Employer's time.

## SECTION 5: Holidays

The following days shall be recognized and observed as paid holidays:
NEW YEAR'S DAY
MARTIN LUTHER KING DAY
PRESIDENT'S DAY
MEMORIAL DAY

1

EXHIBIT  A

    INDEPENDENCE DAY
    LABOR DAY
    VETERAN'S DAY
    THANKSGIVING DAY
    FRIDAY FOLLOWING THANKSGIVING DAY
    CHRISTMAS DAY

One (1) floating holiday shall be recognized each year. This holiday is given in lieu of the California Admissions Day. In order to receive holiday pay, employee must work the workday before and after the designated holiday.

All regular work shall be suspended and employees shall receive one (1) day's pay for each of the holidays listed above.

Whenever a holiday falls on a Saturday, the preceding Friday shall be observed as the holiday. Whenever a holiday falls on a Sunday, the following Monday shall be observed as the holiday.

If any employee works on any of the holidays listed above, he/she shall, in addition to his/her holiday pay, be paid for all hours worked at the rate of time and one-half (1-1/2) his/her regular rate of pay.

**SECTION 6: Vacation**
    Paid vacation shall be accrued according to the following schedule on an annual basis:

| Service | Vacation |
|---|---|
| 6 months - 1 year | 5 days |
| 1 year - 2 years | 10 days |
| 3 years - 5 years | 15 days |
| 6 years - 10 years | 20 days |
| 11 years and thereafter | 25 days |

New employees who have completed six (6) months in full-time status may take their vacation time all at once or gradually. No vacation may be taken until the employee has completed at least six (6) months in full-time employee status.

Vacation time may be accumulated or postponed. The total accumulated vacation time shall not exceed that amount earned annually by the employee. The determination of total accumulated vacation time shall be made on January 2nd of each year.

At termination of employment for any reason, the Employer shall compensate the employee for his/her accumulated vacation time at his/her straight time rate of pay at the time of termination.

The Employer will not require an employee to take vacation time in lieu of leave of absence, without pay, during periods of illness where sick leave has been fully used.

If a holiday falls on a workday during an employee's vacation period, that day shall be considered as a paid holiday and not vacation time.

Vacations may be scheduled, at a maximum of two (2) consecutive weeks at any time during the year with the approval of the Employer.

### SECTION 7: Sick Leave

This policy shall apply to probationary and full-time employees in all classifications.

Sick leave is defined as absence from work due to illness, non-industrial injury, or quarantine due to exposure to a contagious disease. In addition, dentist and doctor appointments and prescribed sickness prevention measures shall be subject to sick leave provided prior to notice is provided to the Employer

Employees shall earn sick leave at the rate of one (1) working day per month cumulative to an unlimited maximum.

If absence from duty by reason of illness occurs for an excess of three (3) days, satisfactory evidence may be required by the Employer. The Employer retains to right to require satisfactory evidence of use of sick leave if any utilization abuse is suspected.

### SECTION 8: Bereavement Leave

In the event of death in the immediate family, an employee may be granted a paid leave of absence not to exceed three (3) workdays. In exceptional circumstances, five (5) workdays may be approved by the Employer. This is in addition to regular sick leave and vacation time. Certification may be required by the Employer.

"Immediate family" is defined as being spouse, domestic partner as defined by the State of California, parents, children, brother, sister, grandparents, father-in-law, mother-in-law, sister-in-law, brother-in-law, or any other person who is a legal dependent of the employee.

### SECTION 9: Jury Duty

The employee will receive his/her base pay for up to twenty (20) days of jury duty service per calendar year. The Employer will continue the employee's regular paycheck. The employee will keep any monies received from jury duty and will supply documentation of jury time served to the Employer.

### SECTION 10: Uniforms and Protective Clothing

The cost of such uniforms and/or protective clothing that employees are required to wear shall be borne by the Employer.

The Employer has the option of authorizing reimbursements to qualifying employees upon proof of purchase; or, of arranging with local retailers to supply all qualifying employees with a specific product that meets the needs and/or safety requirements, and bill the District for the total cost of all products purchased.

When an employee for whom said uniforms or clothing were purchased or reimbursed is terminated for any reason prior to completing three (3) continuous months of service after said purchase, a portion of the cost of said items shall be retained from his/her final payment. That portion retained shall be a percentage (%) of the total cost of said items equal to 100% less the ratio of the amount of time worked to three (3) continuous months of regular work.

## SECTION 11: Voting

The Employer will provide employees, who are unable to vote on their normal time off due to scheduling, an opportunity to leave the work site to vote.

An employee who is unable to vote on his/her scheduled time off, shall give his/her supervisor reasonable advance notice of the need to take time off work to vote. The supervisor shall provide the opportunity for the employee to leave the work site to vote during the employee's scheduled work time. This time will be paid by the Employer and will not exceed one (1) hour in duration.

## SECTION 12: Pay Periods

The salaries and wages of all employees shall be paid twice a month, on the 15th and the last day of the month. In the event that a payday falls on one of the holidays listed in Section 5 herein or on a Saturday or Sunday, the immediate previous working day shall become the payday.

## SECTION 13: Health and Welfare

The Employer agrees that on or before the tenth day of each calendar month, it shall pay the sum of up to $724.00 per month for each full-time employee covered by this Agreement. Coverage shall be defined as Plan V of the Special Benefit Plans of the Laborers Health and Welfare Trust Fund for Northern California. Such contribution shall remain in effect during each year of this Agreement. During the period October 2007 - September 2008, the District's contribution shall not exceed $750.00 per month. During the period October 2008 - December 2009, the District's contribution shall not exceed $775.00 per month. The employee, through payroll deductions, shall pay any premium in excess of the amounts listed to be paid by the District. It is expressly understood and agreed that no employee shall be eligible for the benefits of the Plan during any month unless and until the employer has made the required contribution in full to the Fund on behalf of the employee for that month. An employee who has been laid off or terminated may continue eligibility for benefits by electing COBRA benefits, as provided by law, and by paying to the Fund the required premium.

4

Employees may participate in the Union Retiree Health and Welfare Fund totally funded by employee contributions. The Employer further agrees to follow the required procedures of the Fund as provided by or pursuant to the Laborer's Master Agreement or said Trust Agreement.

### SECTION 14: Hours and Overtime

A straight-time day's work shall consist of not more than eight (8) hours, Monday through Friday, excluding the lunch period and the straight-time workweek shall not be more than forty (40) hours. Work required beyond the forty-hour workweek shall be paid at time and one-half. Regular hours shall be compensated for to the nearest quarter hour.

### SECTION 15: Meal Periods

The Employer shall not employ any person for a work period of more than five (5) hours per day without a meal period of not less than one (1) hour.

### SECTION 16: Rest Periods

The Employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of the morning and middle of the afternoon. The authorized rest period time shall be based on the total hours worked daily at the rate of fifteen (15) minutes net rest time per four (4) hours or major fraction thereof.

### SECTION 17: Wages

Effective January 1, 2007 employees shall receive a $1.00 per hour salary increase. Retroactive pay (January 1, 2007 – February 28, 2007 shall be calculated on base wages only and shall not include any overtime.
Effective January 1, 2008 employees shall receive a $1.00 per hour salary increase.
Effective January 1, 2009 employees shall receive a $1.00 per hour salary increase.

### SECTION 18: Grievance Procedure

Definition - A grievance is a claim by either party or by an employee that there has been a violation of this Agreement.

Time Limits - A grievance must be brought to the attention of the Employer and the Union within ten (10) working days of its occurrence. However, time limits do not apply to Fringe Benefit delinquency.

Procedure - In any dispute concerning the interpretation or application of this Agreement, the following shall apply:

    A.    An employee who cannot resolve a grievance with their immediate supervisor within five (5) working days shall submit the grievance to the Business

        Representative, who shall attempt to resolve the grievance with the Employer within five (5) working days of receipt of the grievance from the employee. The employee's immediate supervisor shall attempt to resolve the grievance with the Business Representative.

    B.    If no resolution is reached within five (5) days of the date the Business Representative submitted the grievance to the Employer, the grievance shall be submitted to the Manager of the Cemetery District.

    C.    The Manager of the Cemetery District shall attempt to resolve the grievance and will submit a response within ten (10) working days after receiving the grievance.

    D.    If the Manager of the Cemetery District's response does not satisfactorily resolve the grievance, the grievant may appeal the grievance to the Board of Directors. The decision of the Board shall be final and binding on the parties.

## SECTION 19: Pension

The Employer agrees to make payments to the Laborers' International Union of North America Pension fund for each employee covered by this Collective Bargaining Agreement as follows: Commencing October 2003, for each hour for which the employee receives regular rate of pay, the employee, through payroll deduction, shall make a contribution of $0.30 per hour to the National Industrial Pension Fund. In addition, a total of $0.20 per hour shall be paid toward Retiree Health and Welfare Benefits ($.10 paid by employees and $.10 paid by the District).

## SECTION 20: PERS

All eligible employees shall continue to contribute to PERS throughout the term of this Agreement.

## SECTION 21: Saturday Work

Employees required to work on a Saturday shall be guaranteed a minimum of two (2) hours of work at the appropriate rate of pay.

## SECTION 22: Term of Agreement

This Agreement shall be in full force and effect from January 1, 2007 though December 31, 2009, and thereafter from year to year subject to subsequent negotiations. Should either party desire to amend or terminate this Agreement, written notice shall be given to the other party on or before sixty (60) days prior to the expiration date or any subsequent anniversary date during the continuation of this Agreement.

IN WITNESS WHEREOF the parties hereto have executed this Agreement this seventh day of March 2007.

For the Employer:

Visalia District Public Cemetery

For the Union:

Northern California District Council of Laborers Local Union No. 294

*MIKE MUSING*

Northern California District Council of Laborers

José A. Moreno
Business Manager, NCDCL

7

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
The Board of Trustees **(See Attachment A to Civil Cover Sheet)**

## DEFENDANTS
Geneva Philpot **(See Attachment A to Civil Cover Sheet)**

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)
San Francisco

County of Residence of First Listed Defendant  Tulare
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Barry E. Hinkle, Bar No. 071223
WEINBERG, ROGER & ROSENFELD
1001 Marina Village Parkway, Suite 200
Alameda, CA   94501-1091
(510) 337-1001

Attorneys (If Known)

E-filing

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane / 362 Personal Injury - Med. Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability / 365 Personal Injury - Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander / 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | **PROPERTY RIGHTS** | 450 Commerce |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 640 R.R. & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine | 650 Airline Regs. | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability | 660 Occupational Safety/Health | 840 Trademark | 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** / 370 Other Fraud | 690 Other | | 490 Cable/Sat TV |
| 160 Stockholders' Suits | 350 Motor Vehicle / 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | 810 Selective Service |
| 190 Other Contract | 355 Motor Vehicle Product Liability / 380 Other Personal Property Damage | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 850 Securities/Commodities/Exchange |
| 195 Contract Product Liability | 360 Other Personal Injury / 385 Property Damage Product Liability | 720 Labor/Mgmt. Relations | 862 Black Lung (923) | 875 Customer Challenge 12 USC 3410 |
| 196 Franchise | | 730 Labor/Mgmt. Reporting & Disclosure Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 740 Railway Labor Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 210 Land Condemnation | 441 Voting / 510 Motions to Vacate Sentence | 790 Other Labor Litigation | 865 RSI (405(g)) | 892 Economic Stabilization Act |
| 220 Foreclosure | 442 Employment | [X] 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 443 Housing/Accommodations / **Habeas Corpus:** 530 General | **IMMIGRATION** | 870 Taxes (U.S. Plaintiff or Defendant) | 894 Energy Allocation Act |
| 240 Torts to Land | 444 Welfare / 535 Death Penalty | 462 Naturalization Application | 871 IRS - Third Party 26 USC 7609 | 895 Freedom of Information Act |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 540 Mandamus & other | 463 Habeas Corpus - Alien Detainee | | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / 550 Civil Rights | 465 Other Immigration Actions | | 950 Constitutionality of State Statutes |
| | 440 Other Civil Rights / 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
ERISA 29 U.S.C. § 1001 et seq., 29 U.S.C. §185

Brief description of cause:
Defendant failed to make timely fringe benefit contributions required by MOU and Trust Agrm

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ 11,663.30
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
- [ ] SAN FRANCISCO/OAKLAND
- [ ] SAN JOSE

DATE: June 27, 2008

SIGNATURE OF ATTORNEY OF RECORD: Barry E. Hinkle

NDC-JS44

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44
Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney tiling a case should complete the form as follows:

**I.   (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  (b)  County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  (c)  Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.  Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.   Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When tlie petition for removal is granted, check this box.

Remanded &om Appellate Court. (3) Check this box for cases remanded to thedistrict court for hrther action. Use the date of remand as the lilitlg date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal tiom a magistrate judge's decision.

**VI.  Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**          Example:     U.S. Civil Statute: <u>47 USC 553</u>
                                              Brief Description: <u>Unauthorized reception of cable service</u>

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. 111 this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand sucli as a preliminary injunclion.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Attachment A to Civil Cover Sheet

THE BOARD OF TRUSTEES, in their capacities as Trustees of the LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and LABORERS TRAINING AND RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA, and the LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO, LOCAL UNION NO. 294,

       Plaintiffs,

  v.

GENEVA PHILPOT, SHIRLEY SALAS, GEORGE OUZOUNIAN, TOM LINK, and TOM SMITH, in their capacities as Trustees of the VISALIA PUBLIC CEMETERY DISTRICT,

       Defendants.

**Attachment A to Civil Cover Sheet**